**NOTE: CHANGES MADE BY THE COURT**

Mark F. Lovell, CA Bar No. 246652
mark.lovell@ogletree.com
Vanoohi Torossian, CA Bar No. 328536
vanoohi.torossian@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Park Tower, Fifteenth Floor
695 Town Center Drive
Costa Mesa, CA  92626
Telephone:  714-800-7900
Facsimile:   714-754-1298

Attorneys for Defendant
Vestis Services, LLC, formerly known as
Aramark Uniform & Career Apparel, LLC

Young W. Ryu, CA Bar No. 266372
young.ryu@loywr.com
Zachariah E. Moura, CA Bar No. 279508
zach.moura@loywr.com
Harley M. Phleger, CA Bar No. 351851
harley.phleger@loywr.com
LOYR, APC
1055 West 7th Street, Suite 2290
Los Angeles, California 90017
Telephone: (213) 318 – 5323
Facsimile: (800) 576 – 1170

Attorneys for Plaintiff ERIC SUTTON

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ERIC SUTTON, AN INDIVIDUAL, | Case No. 2:24-cv-02041-MCS (SKx) |
| Plaintiff, | **STIPULATED AND PROTECTIVE ORDER – CONFIDENTIAL DESIGNATION** |
| v. | **EXCEPT AS MODIFIED BY THE COURT** |
| ARAMARK UNIFORM & CAREER APPAREL, LLC, A DELAWARE LIMITED LIABILITY COMPANY; VESTIS SERVICES, LLC, A DELAWARE LIMITED LIABILITY COMPANY; AND DOES | Complaint Filed: February 9, 2024<br>Trial Date:          April 22, 2025<br>District Judge:    Hon. Mark C. Scarsi<br>Magistrate Judge: Hon. Steve Kim |

1

**STIPULATED AND PROTECTIVE ORDER – CONFIDENTIAL DESIGNATION**

1 THROUGH 50, INCLUSIVE,

Defendants.

## I.      PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section XIII(C), below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

## II.      GOOD CAUSE STATEMENT

This action is likely to involve employees' personal contact information, pay records, time keeping records, employment policies, trade secrets, and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally

2

**STIPULATED AND PROTECTIVE ORDER – CONFIDENTIAL
DESIGNATION**

1  unavailable to the public, or which may be privileged or otherwise protected from

2  disclosure under state or federal statutes, court rules, case decisions, or common law.

3  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of

4  disputes over confidentiality of discovery materials, to adequately protect information

5  the parties are entitled to keep confidential, to ensure that the parties are permitted

6  reasonable necessary uses of such material in preparation for and in the conduct of trial,

7  to address their handling at the end of the litigation, and serve the ends of justice, a

8  protective order for such information is justified in this matter.  It is the intent of the

9  parties that information will not be designated as confidential for tactical reasons and

10 that nothing be so designated without a good faith belief that it has been maintained in

11 a confidential, non-public manner, and there is good cause why it should not be part of

12 the public record of this case.

### III.   DEFINITIONS

14 A.     Action: *Eric Sutton v. Aramark Uniform & Career Apparel, LLC, et al.*,

15 Case No. 2:24-cv-02041-MCS (SKx).

16 B.     Challenging Party:  A Party or Non-Party that challenges the

17 designation of information or items under this Order.

18 C.     "CONFIDENTIAL" Information or Items:  Information (regardless of

19 how it is generated, stored, or maintained) or tangible things that qualify for protection

20 under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause

21 Statement.

22 ~~D.     "CONFIDENTIAL - Attorneys' Eyes Only" Information or Items: may~~

23 ~~be used for any information that in the good faith belief of such party and its counsel,~~

24 ~~believes in good faith that such information is among that considered to be most~~

25 ~~sensitive by the party, including but not limited to trade secret or other confidential~~

26 ~~research, development, financial or other commercial information.~~

27 E.     Counsel:  Outside Counsel of Record and House Counsel (as well as

28 their support staff).

3

**STIPULATED AND PROTECTIVE ORDER – CONFIDENTIAL
DESIGNATION**

F.     Designating Party:  A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" ~~or "CONFIDENTIAL - Attorneys' Eyes Only."~~.

/ / /

G.     Disclosure or Discovery Material:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

H.     Expert:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

I.     House Counsel:  Attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

J.     Non-Party:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

K.     Outside Counsel of Record:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

L.     Party:  Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

M.     Producing Party:  A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

N.     Professional Vendors:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and

4

**STIPULATED AND PROTECTIVE ORDER – CONFIDENTIAL DESIGNATION**

their employees and subcontractors.

O.      Protected Material:   Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL - Attorneys' Eyes Only.".

/ / /

P.      Receiving Party:   A Party that receives Disclosure or Discovery Material from a Producing Party.

## IV.   SCOPE

A.    The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

B.    Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

## V.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## VI.   DESIGNATING PROTECTED MATERIAL

A.      Exercise of Restraint and Care in Designating Material for Protection.

1.      Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or

5

**STIPULATED AND PROTECTIVE ORDER – CONFIDENTIAL DESIGNATION**

written communications that qualify so that other portions of the material,
documents, items, or communications for which protection is not warranted are not
swept unjustifiably within the ambit of this Order.

///

2.      Mass, indiscriminate, or routinized designations are prohibited.
Designations that are shown to be clearly unjustified or that have been made for an
improper purpose (e.g., to unnecessarily encumber the case development process or
to impose unnecessary expenses and burdens on other parties) may expose the
Designating Party to sanctions.

3.      If it comes to a Designating Party's attention that information or
items that it designated for protection do not qualify for protection, that Designating
Party must promptly notify all other Parties that it is withdrawing the inapplicable
designation.

B.      Manner and Timing of Designations.

1.      Except as otherwise provided in this Order (see, e.g., Section
B(2)(b) below), or as otherwise stipulated or ordered, Disclosure or Discovery
Material that qualifies for protection under this Order must be clearly so designated
before the material is disclosed or produced.

2.      Designation in conformity with this Order requires the following:

a.      For information in documentary form (e.g., paper or
electronic documents, but excluding transcripts of depositions or other
pretrial or trial proceedings), that the Producing Party affix at a minimum,
the legend "CONFIDENTIAL" or "CONFIDENTIAL - Attorneys' Eyes
Only" (hereinafter "CONFIDENTIAL legend"), to each page that contains
protected material.  If only a portion or portions of the material on a page
qualifies for protection, the Producing Party also must clearly identify the
protected portion(s) (e.g., by making appropriate markings in the margins).

b.      A Party or Non-Party that makes original documents

6

**STIPULATED AND PROTECTIVE ORDER – CONFIDENTIAL
DESIGNATION**

1    available for inspection need not designate them for protection until after the

2    inspecting Party has indicated which documents it would like copied and

3    produced. During the inspection and before the designation, all of the

4    material made available for inspection shall be deemed "CONFIDENTIAL"

5    ~~or "CONFIDENTIAL - Attorneys' Eyes Only."~~.    After the inspecting Party

6    has identified the documents it wants copied and produced, the Producing

7    Party must determine which documents, or portions thereof, qualify for

8    protection under this Order.    Then, before producing the specified

9    documents, the Producing Party must affix the "CONFIDENTIAL legend"

10   to each page that contains Protected Material. If only a portion or portions of

11   the material on a page qualifies for protection, the Producing Party also must

12   clearly identify the protected portion(s) (e.g., by making appropriate

13   markings in the margins).

14           c.    For testimony given in depositions that the Designating Party

15   identify the Disclosure or Discovery Material on the record, before the close

16   of the deposition all protected testimony.

17           d.    For information produced in some form other than

18   documentary and for any other tangible items, that the Producing Party affix

19   in a prominent place on the exterior of the container or containers in which

20   the    information    is    stored    the    legend    "CONFIDENTIAL~~"    or~~

21   ~~"CONFIDENTIAL - Attorneys' Eyes Only."~~.  If only a portion or portions

22   of the information warrants protection, the Producing Party, to the extent

23   practicable, shall identify the protected portion(s).

24   C.    <u>Inadvertent Failure to Designate.</u>    If timely corrected, an inadvertent

25   failure to designate qualified information or items does not, standing alone, waive the

26   Designating Party's right to secure protection under this Order for such material.  Upon

27   timely correction of a designation, the Receiving Party must make reasonable efforts

28   to assure that the material is treated in accordance with the provisions of this Order.

7

**STIPULATED AND PROTECTIVE ORDER – CONFIDENTIAL
DESIGNATION**

## VII.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

A.      Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

B.      Meet and Confer.  The Challenging Party shall initiate the dispute resolution process under Civil Local Rule 37-1 et seq.

C.      The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## VIII.  ACCESS TO AND USE OF PROTECTED MATERIAL

A.      Basic Principles.

1.      A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of Section XIV below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

B.      Disclosure of "CONFIDENTIAL" or "CONFIDENTIAL - Attorneys' Eyes Only" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" or "CONFIDENTIAL - Attorneys' Eyes

8

**STIPULATED AND PROTECTIVE ORDER – CONFIDENTIAL DESIGNATION**

~~Only"~~ only to:

1.     The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

2.     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

3.     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

4.     The Court and its personnel;

5.     Court reporters and their staff;

6.     Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" attached as Exhibit A hereto;

7.     The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

8.     During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (i) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" form attached as Exhibit A hereto; and (ii) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" form (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

9.     Any mediator or settlement officer, and their supporting personnel,

**STIPULATED AND PROTECTIVE ORDER – CONFIDENTIAL DESIGNATION**

mutually agreed upon by any of the parties engaged in settlement discussions.

/ / /

/ / /

/ / /

### IX.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

A.    If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" ~~or "CONFIDENTIAL - Attorneys' Eyes Only,"~~, that Party must:

1.    Promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

2.    Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

3.    Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

B.    If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" ~~or "CONFIDENTIAL - Attorneys' Eyes Only"~~ before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

### X.  A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

**STIPULATED AND PROTECTIVE ORDER – CONFIDENTIAL DESIGNATION**

A.     The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" ~~or "CONFIDENTIAL – Attorneys' Eyes Only."~~.  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

B.     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.     Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.     Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.     Make the information requested available for inspection by the Non-Party, if requested.

C.     If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**XI.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

11

**STIPULATED AND PROTECTIVE ORDER – CONFIDENTIAL
DESIGNATION**

Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## XII.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the Stipulated Protective Order submitted to the Court.

## XIII. MISCELLANEOUS

A.    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

B.    Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

C.    Filing Protected Material.  A Party that seeks to file under seal any

12

**STIPULATED AND PROTECTIVE ORDER – CONFIDENTIAL DESIGNATION**

1  Protected Material must comply with Civil Local Rule 79-5.  Protected Material may

2  only be filed under seal pursuant to a court order authorizing the sealing of the specific

3  Protected Material at issue.  If a Party's request to file Protected Material under seal is

4  / / /

5  denied by the Court, then the Receiving Party may file the information in the public

6  record unless otherwise instructed by the Court.

7  ## XIV.  <u>FINAL DISPOSITION</u>

8        A.     After the final disposition of this Action, as defined in Section V, within

9  sixty (60) days of a written request by the Designating Party, each Receiving Party

10  must return all Protected Material to the Producing Party or destroy such material.  As

11  used in this subdivision, "all Protected Material" includes all copies, abstracts,

12  compilations, summaries, and any other format reproducing or capturing any of the

13  Protected Material.   Whether the Protected Material is returned or destroyed, the

14  Receiving Party must submit a written certification to the Producing Party (and, if not

15  the same person or entity, to the Designating Party) by the sixty (60) day deadline that

16  (1) identifies (by category, where appropriate) all the Protected Material that was

17  returned or destroyed; and (2) affirms that the Receiving Party has not retained any

18  copies, abstracts, compilations, summaries, or any other format reproducing or

19  capturing any of the Protected Material.  Notwithstanding this provision, Counsel are

20  entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and

21  hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits,

22  expert reports, attorney work product, and consultant and expert work product, even if

23  such materials contain Protected Material.  Any such archival copies that contain or

24  constitute Protected Material remain subject to this Protective Order as set forth in

25  Section V.

26  / / /

27  / / /

28  / / /

13

**STIPULATED AND PROTECTIVE ORDER – CONFIDENTIAL
DESIGNATION**

1    B.    Any violation of this Order may be punished by any and all appropriate

2    measures including, without limitation, contempt proceedings and/or monetary

3    sanctions.

4

5    **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

6

7    DATED:   October 2, 2024          OGLETREE, DEAKINS, NASH, SMOAK &
                                        STEWART, P.C.
8

9

10                                     By:  */s/ Vanoohi Torossian*
                                           _____
11                                          Mark F. Lovell
                                            Vanoohi Torossian
12                                          Attorneys for Defendant
                                            Vestis Services, LLC, formerly known as
13                                          Aramark Uniform & Career Apparel, LLC

14

15    DATED:   October 2, 2024          LOYR, APC

16

17                                     By:  */s/ Harley Phleger*
                                           _____
18                                          Young Ryu
                                            Zachariah E. Moura
19                                          Harley Phleger
                                            Attorneys for Plaintiff
20                                          Eric Sutton

21

22    **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

23

24    DATED:   October 2, 2024          _____

25                                       Honorable Steve Kim
                                         United States Magistrate Judge
26

27

28

---

14

**STIPULATED AND PROTECTIVE ORDER – CONFIDENTIAL
DESIGNATION**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [DATE] in the case of *Eric Sutton v. Aramark Uniform & Career Apparel, LLC, et al.*, Case No. 2:24-cv-02041-MCS (SKx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

15

**STIPULATED AND PROTECTIVE ORDER – CONFIDENTIAL DESIGNATION**